Bernard Tomson, J.
This is a motion by the defendant .to set aside a sentence.
On June 14,1968 defendant was sentenced by Judge, now Mr. Justice, Oppido to a period of probation for five years. The court indicated that the defendant was being placed on probation because a Federal sentence of six years was pending.
The first point raised by the defendant is that subdivision 1 of section '65.00 of the Penal Law proscribes a sentence of probation where the defendant is subject to an undischarged indeterminate term of imprisonment that has more than one year to run.
Subdivision 1 of section 65.00 of the Penal Law provides in part “ that the court shall not impose a sentence of probation * * * where the defendant is subject to an undischarged indeterminate or reformatory sentence of imprisonment which was imposed at a previous time by a court of this state and has more than one year to run.” (Emphasis supplied.)
*558 Although subdivision 1 of section 65.00 prohibits this court from sentencing a defendant to probation where the defendant is subject to a previously imposed undischarged indeterminate State sentence in excess of one year, it does not proscribe a sentence of probation where the previously imposed undischarged indeterminate sentence in excess of one year is a Federal sentence. There is no provision in the Penal Law that prohibits this type of sentence.
The second point raised by the defendant is that the sentence imposed violated subdivision 1 of section 65.15 of the Penal Law. Subdivision 1 of section 65.15 of the Penal Law provides: “ A period of probation * * * commences on the day it is imposed.” The defendant maintains that the court intended the sentence to commence at the expiration of tb<e Federal sentence.
In sentencing the defendant, the court stated “ It is ordered and adjudged by this Court for arson, third degree, of which you stand convicted, that you, pursuant to Article 65 of the Penal Law, be sentenced for a period of probation for five years.
“ Of course, the conditions of the probation will pick up • after his service of time in the Federal Penitentiary.”
Since the court stated that the defendant would be sentenced pursuant to article 65 of the Penal Law, a reasonable interpretation of this indicates that the court intended the period of probation to begin on the date of sentence and the conditions of1 probation would 1 ‘ pick up ” if the defendant served less than five years of the Federal sentence.
The fact that the court stated that if the Federal sentence was not carried out the defendant would be returned for sentence, does not make the sentence illegal. Since this contingency never arose, the defendant does not have standing to complain.
Defendant’s final point is that if the sentence of probation is lawful, then pursuant to subdivision 3 of section 65.15 of the Penal Law it was satisfied by serving the Federal sentence.
Subdivision 3 of section 65.16 of the Penal Law provides: “ In any case where a person who is under a sentence of probation * * * is also under an indeterminate sentence of imprisonment * * * imposed for some other offense by a court of this state the service of the sentence of imprisonment shall satisfy the sentence of probation * * * unless the sentence of probation * * * is revoked prior to the next *559 to occur of parole or conditional release under, or satisfaction of, the sentence of imprisonment” (emphasis supplied).
.Section -65.15 of the Penal Law only applies to a sentence imposed “by a court of this state” and not to a Federal sentence. Therefore, the sentence of probation was not satisfied by service of the Federal sentence.
It is, therefore ordered that the defendant’s motion is denied.